IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN M. GEORGE-BAUNCHAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3828 |
| | § | |
| WELLS FARGO HOME MORTGAGE, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a dispute over a foreclosure on a home mortgage and attempted eviction. The plaintiff, Karen M. George-Baunchand, the mortgagor, sued in state court to enjoin her eviction from the home after the assignee and servicer of the note, Wells Fargo Home Mortgage, Inc., had foreclosed following default and the property had been sold to the Federal Home Loan Mortgage Corporation (Freddie Mac). In addition to naming Wells Fargo and Freddie Mac in the state-court suit, Baunchand also named an in-state defendant, Brian Cormier, the trustee, as a defendant. The state court issued a temporary restraining order in January 2010 enjoining a different Wells Fargo entity—not named as a party in the state court suit and not served with citation—from evicting the plaintiff from the property. That same month, lawyers for the plaintiff, Freddie Mac, and Brian Cormier agreed to pass the preliminary injunction hearing and to extend the TRO. Wells Fargo asserts that at that point, it had not been properly served in the state-court case and had not answered. Wells Fargo asserts that the agreement to pass the hearing and extend the TRO was not signed by anyone with authority to represent or bind Well Fargo.

The plaintiff nonsuited Cormier in July 2010. On September 20, 2010, Wells Fargo filed an answer in the state-court suit, although it asserts that it had never been properly served with citation. On September 22, 2010, Wells Fargo asked the state court to dissolve the injunction on the basis that no one with authority to represent Wells Fargo had been involved in or signed the agreement to extend the TRO. The state court denied the motion on October 11. Three days later, and within 30 days of filing its answer, Wells Fargo removed to federal court. The plaintiff moved to remand on the basis that there is not complete diversity; the removal was untimely; and Wells Fargo waived the right to remove by litigating in the state court. Each argument is analyzed below.

## I.     The Applicable Legal Standards

In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (citing 28 U.S.C. § 1441(a)); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004).

To determine whether jurisdiction is present in a removed action, the claims in the state court petition are considered as of the date of removal. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007). If, as in this case, no federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606 (2005). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611 (2005); *Caterpillar Inc.*, 519 U.S. at 68. Removal is appropriate only if none of the parties properly joined is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

In considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *See Manguno*, 276 F.3d at 723; *accord DaimlerChrysler Corp.*, 547 U.S. at 342 n.3; *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Gutierrez*, 543 F.3d at 251; *Hot-Hed*, 477 F.3d at 323. "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D.Tex.2001). Because removal raises significant federalism concerns, the

removal statutes must be strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002); *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Gasch*, 491 F.3d at 281–82; *Gutierrez*, 543 F.3d at 251; *Hot-Head Inc*, 477 F.3d at 323.

## II. Analysis

### A. Complete Diversity

The plaintiff's argument that Wells Fargo was a citizen of Texas is not persuasive. The record shows that Wells Fargo is a California corporation with its principal place of business in California. 28 U.S.C. § 1332(c)(1). The facts that Wells Fargo did not challenge personal jurisdiction in the state court and that it is authorized to and does conduct business in Texas do not make it a citizen of Texas. *See Regions Bank v. Britt*, 642 F. Supp. 2d 584, 589 (S.D. Miss. 2009) ("[T]he law is clear that a corporation 'is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction,' and that instead, 'a corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business.'" (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006))).

### B. The Timeliness of Removal

The plaintiff argues that Wells Fargo's notice of removal is untimely. Section 1446(b) states in part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such

> initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The second paragraph of 28 U.S.C. § 1446(b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The plaintiff asserts that Wells Fargo was served in the state court proceeding on January 13, 2010, making the deadline for removal February 12, 2010. But the record shows that Wells Fargo was not properly served with citation. Instead, the petition sought service through the law firm that represented Wells Fargo in the underlying foreclosure suit. This does not comply with the Texas law requirements for proper service. *See* TEX. CIV. PRAC. & REM. CODE § 17.044. The plaintiff has not attached any written waiver of proper service. The return of citation states that it was "nonserved." In addition, this case was not initially removable because of Cormier's presence as a defendant. Cormier was nonsuited on July 14, 2010, but the record shows that at that time, Wells Fargo had still not been properly served.

The Supreme Court has rejected the notion that the time for removal may begin to run prior to service of process, reasoning that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354–56, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999), the Supreme Court rejected the cases stating that the 30-day period for removal began on the date the defendant first received notice of the filing of a suit. The Supreme

5

Court held that informal service, such as a "courtesy copy" of the complaint, did not start the 30-day period for removal. *Id.* Under *Murphy*, the 30-day period begins to run on the date a defendant receives formal service of process. 526 U.S. at 347–48. The Court specifically held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.*; *accord Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. and Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *City of Clarksdale v. BellSouth Telecommunications, Inc.,* 428 F.3d 206, 210 (5th Cir. 2005). The Court then set out four possible scenarios and explained when the removal period begins to run:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Murphy Bros., Inc.*, 526 U.S. at 354. The United States Court of Appeals for the Fifth Circuit has held that a presuit demand letter does not constitute a sufficient "other paper" from which the defendant could ascertain that the case was removable either prior to or upon the service of the complaint. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

There is no evidence in this case that Wells Fargo executed a formal waiver of service or that it was formally served. The only evidence is that Wells Fargo filed an answer on September 20, 2010. That answer waived service. Although § 1446(b) requires the defendant to file a removal notice within thirty days of service, the term "service of process" is defined by state law. *City of*

*Clarksdale*, 428 F.3d at 210. To determine whether Wells Fargo complied with § 1446(b), this court must look to service of process under Texas law.

Texas Rule of Civil Procedure 199 states:

> The defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause, and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law. The party signing such memorandum shall be delivered a copy of plaintiff s petition, and the receipt of the same shall be acknowledged in such memorandum.

In this case, there is no evidence of formal service on Wells Fargo. Instead, it voluntarily answered on September 20, 2010 and on that date voluntarily waived service under Texas Rules of Civil Procedure 120 and 121. The thirty-day removal deadline began on that date and removal on October 14, 2010 was timely.

**D. Waiver**

The plaintiff's argument that Wells Fargo waived its right to remove by litigating in the state court is also unpersuasive. "Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court." *Brown v. Demco,* 792 F.2d 478, 481 (5th Cir. 1986) (suggesting that waiver was appropriate where the defendants "filed answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and participated in discovery and depositions."); *Garcia v. SSP Partners,* No. C-06-0385, 2006 WL 2850066, at *5–7 (S.D. Tex. Oct. 3, 2006) (finding a "'clear intent to have the state court proceed on the merits of the case'" by defendants who filed motions to compel arbitration and motions to consolidate and transfer two cases filed by the

7

plaintiff in state court and offered to pay for an ad litem for the plaintiffs' children if the cases were consolidated (quoting *Jacko v. Thorn Americas Inc.,* 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000))). In the present case, the record shows that Wells Fargo sought to dissolve the injunction in the state court. Courts have held that such a motion does not waive the right to remove. *See Tedford v. Warner–Lambert Co.*, 327 F.2d 423, 428 (5th Cir. 2003) ("[A] waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits."); *Titan Aviation, LLC v. Key Equip. Fin., Inc.*, Civ. A. No. 3:06-CV-1121, 2006 WL 3040923, at *4 (N.D. Tex. Oct. 26, 2006) ("[D]efending against [motions for a temporary restraining order and temporary injunction] does not of itself constitute a waiver of the right to remove."); *Xtria LLC v. Int'l Ins. Alliance Inc.*, Civ. A. No. 3:09-CV-2228, 2009 WL 4756365, at *4 (N.D. Tex. Dec. 11, 2009) (finding that contesting a temporary restraining order in state court does not waive the right to remove); *see also Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989). The record does not show that Wells Fargo waived removal.

### III. Conclusion

The motion to remand is denied.

SIGNED on December 14, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge