**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KAREN M. GEORGE-BAUNCHAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3828 |
| | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a dispute over a foreclosure on a home mortgage and attempted eviction. The plaintiff and mortgagor, Karen M. George-Baunchand, sued in state court to enjoin eviction from her home after the assignee and servicer of the note, Wells Fargo Home Mortgage, Inc., had foreclosed following the plaintiff's default. The property was sold at the foreclosure sale to the Federal Home Loan Mortgage Corporation ("Freddie Mac").[1] In the state court petition, the plaintiff also asserted a wrongful foreclosure claim.

The state court issued a temporary restraining order on January 11, 2010, enjoining a different Wells Fargo entity — not named as a party in the state court suit and not served with citation — from evicting the plaintiff from the property. On January 22, 2010, lawyers for the plaintiff and Freddie Mac agreed to pass the preliminary injunction hearing. The parties entered in an agreement under Rule 11 of the Texas Rules of Civil Procedure that Freddie Mac would not proceed with eviction and that Wells Fargo would not proceed with dispossession of the plaintiff

---

[1] Baunchand also named Brian Cormier, the trustee, as a defendant. She nonsuited Cormier in July 2010.

from the home provided that the plaintiff paid $1,646.00 each month into the state court's registry beginning on February 15, 2010.

On October 14, 2010, Wells Fargo removed the lawsuit to this court. Wells Fargo and Freddie Mac claim that the plaintiff has failed to remit funds into the registry of either the state court or the federal court in December 2010. Wells Fargo and Freddie Mac asked this court to: (1) declare that the plaintiff is in breach of the Rule 11 Agreement; (2) declare that the TRO has expired by operation of state law; (3) declare that Wells Fargo and Freddie Mac may pursue state law remedies against the plaintiff including eviction and forcible entry and detainer; and (4) order the release of funds held in the state court's registry. (Docket Entry Nos. 11, 12). The plaintiff has added a claim of attempted wrongful foreclosure, which Wells Fargo has moved to dismiss on the ground that Texas law does not recognize such a cause of action and because this claim is inconsistent with her request that this court set aside the foreclosure sale. (Docket Entry No. 17).

Each argument is considered below.

**I.      The Motion for Declaratory Relief**

The state court issued the temporary restraining order on January 11, 2010. (Docket Entry No. 11, Ex. A, Temporary Restraining Order). The parties passed the hearing on January 25, 2010. Under Rule 680 of the Texas Rules of Civil Procedure, the temporary restraining order expired on January 25, 2010. "After the removal of an action from state court, the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation." CHARLES ALAN WRIGHT, ET AL., 14C FED. PRAC. & PROC. § 3738 (4th ed. 2009). "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. A formal dissolution of a temporary restraining order,

however, is not necessary; "a temporary restraining order issued by a state court prior to removal will not remain in full force after removal any longer than it would have remained in effect under state law . . . ." WRIGHT, ET AL., *supra*, § 3738 (discussing *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438–39 (1974)). The temporary restraining order expired under state law on January 25, 2010.

The remaining issues relate to whether the plaintiff breached the parties' Rule 11 Agreement. Wells Fargo has alleged that "[on] information and belief, in December 2010, Plaintiff failed to remit funds into the Registry of any court. Therefore, she is in breach of the Rule 11, and the terms of the Rule 11 should no longer apply. The Rule 11 is void." (Docket Entry No. 11, at 2).[2] Wells Fargo has not submitted evidence showing that the plaintiff failed to remit $1,646.00 into the state court registry each month. On this record, this court cannot declare that the plaintiff has breached the agreement, declare that Wells Fargo and Freddie Mac may pursue state law remedies against the plaintiff including eviction and forcible entry and detainer, or order the release of funds held in the court registry.

Wells Fargo's motion for declaratory relief, (Docket Entry Nos. 11, 12), is granted in part and denied in part. It is granted as to Wells Fargo's request that this court declare that the TRO has expired by operation of state law. It is denied on this record as to Wells Fargo's requests that this court (1) declare that the plaintiff breached the Rule 11 Agreement; (2) declare that Wells Fargo and

---

[2] During a conference held on February 25, 2011, George-Baunchand's counsel stated that it had sent payment for December 2010. Wells Fargo's counsel stated that it had not seen a receipt of the payment. In a subsequent motion, Wells Fargo stated that "[i]n December 2010, Plaintiff or her bank mistakenly sent funds to Wells Fargo." (Docket Entry No. 17, at 3). Assuming that George-Baunchand sent funds to Wells Fargo instead of the state-court registry, the record is still incomplete to determine whether George-Baunchand breached the Rule 11 Agreement.

Freddie Mac may pursue state law remedies against the plaintiff including eviction and forcible entry and detainer; and (3) order the release of funds held in the state court's registry. The denial is, however, without prejudice to reurging these same grounds on the basis of an expanded record.

## II.     The Motion to Dismiss

### A.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1974). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65); *see also S. Scrap Material Co. v. ABC Ins. Co.* (*In re S. Scrap Material Co.*), 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, 129 S. Ct. 1669 (2009).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion

to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### B.     Analysis

Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home. *See, e.g.*, *Baker v. Countrywide Home Loans, Inc.*, Civ. Act. No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009). An action for wrongful foreclosure in Texas may be brought by individuals suffering harm due to irregularities in a foreclosure sale. *See Leggette v. Washington Mutual Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *2 (N.D. Tex. Oct.19, 2005); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998); *Wieler v. United Savings Ass'n of Tex.*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994) ("a person who suffers loss or material injury because of irregularities in a foreclosure sale is entitled to maintain a suit for wrongful foreclosure"). To recover for a wrongful foreclosure, the party seeking relief must plead and prove injury. *See, e.g.*, *Port City State Bank v. Leyco Const. Co., Inc.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1978). "In a wrongful foreclosure suit the measure of damages is the difference between the value of the property in question at the date of the foreclosure and the remaining balance due on the indebtedness." *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986). This measure of damages is based on a tort theory of recovery to compensate for the lost *possession* of the property. *Peterson*, 980 S.W.2d at 823 ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property."). Because recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a

theory of wrongful foreclosure. *Id.*; *Wieler*, 887 S.W.2d at 159 n.2; *Port City State Bank*, 561 S.W.2d at 547.[3]

The motion to dismiss for failure to state a claim is granted. Leave to amend is granted; the plaintiff must amend to attempt to state a cause of action that is viable, no later than **July 29, 2011.**

### III.     Conclusion

Wells Fargo's motion for declaratory relief, (Docket Entry Nos. 11, 12), is granted in part and denied in part. It is granted as to Wells Fargo's request that this court declare that the TRO has expired by operation of state law. It is denied on this record as to Wells Fargo's requests that this court (1) declare that the plaintiff is in breach of the Rule 11 Agreement; (2) declare that Wells Fargo and Freddie Mac may pursue state law remedies against the plaintiff including eviction and forcible entry and detainer; and (3) order the release of funds held in the court registry. Wells Fargo's motion to dismiss, (Docket Entry No. 17), is granted. Leave to amend is granted; the plaintiff must amend to attempt to state a cause of action that is viable, no later than **July 29, 2011.**

SIGNED on June 27, 2011, at Houston, Texas.

                                    Lee H. Rosenthal
                              United States District Judge

---

[3] This court recognizes that the plaintiff amended her complaint after Wells Fargo's motion to dismiss, (Docket Entry No. 19). The amended complaint, however, asserts a claim for attempted wrongful foreclosure and dismissal is proper.