IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN M. GEORGE-BAUNCHAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3828 |
| | § | |
| WELLS FARGO HOME MORTGAGE, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Karen M. George-Baunchand ("Baunchand") has filed a motion for leave to appeal *in forma pauperis*, (Docket Entry No. 87), and a motion to obtain transcripts at the government's expense, (Docket Entry No. 86). 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure govern the determination of applications to appeal *in forma pauperis*. Rule 24 states that a party "who desires to appeal in forma pauperis must file a motion in the district court," attaching an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs"; (2) "claims an entitlement to redress"; and (3) "states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1). Section 1915 states, in relevant part, that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). If the district court denies a motion for leave to appeal *in forma pauperis*, "it must state its reasons in writing." FED. R. APP. P. 24(a)(2).

The affidavit Baunchand attached to her motion for leave to appeal *in forma pauperis* does not satisfy Rule 24(a)(1)'s requirements. The affidavit does not claim an entitlement to redress or

state the issues Baunchand intends to present on appeal. In addition, the affidavit fails to describe Baunchand's financial condition "in the detail prescribed by Form 4." FED. R. APP. P. 24(a)(1)(A). Form 4

> sets forth in great detail the financial situations of parties moving to proceed *in forma pauperis*. The parties must complete an extensive form detailing all sources of income. Additionally, they must give their employment history and their spouse's. All assets and their estimated values must be listed. Furthermore, all monthly family expenses must be carefully delineated.

*Parker v. Pennstar Bank*, No. 3:09–cv–0490, 2010 WL 3629484, at *1 (M.D. Pa. Sept. 10, 2010). Baunchand's affidavit lists her income and expenses, but does not contain the employment history information and asset information Form 4 requires.

The motion for leave to appeal *in forma pauperis* is denied for failure to comply with Rule 24. *See Dollar v. Carter*, No. 5:10–CV–208 (MTT), 2011 WL 4352116, at *1 (M.D. Ga. Sept. 16, 2011) (denying the plaintiff's motion for permission to appeal *in forma pauperis* because the plaintiff's affidavit "neither claime[d] an entitlement to redress nor state[d] the issues that are presented on appeal"); *Parker*, 2010 WL 3629484, at *1 (denying the plaintiff's motion to appeal *in forma pauperis* because her affidavit failed to describe her employment history and the value of her assets).

The motion for leave to appeal *in forma pauperis* is also problematic because Baunchand has not shown that her appeal is taken in good faith. To proceed *in forma pauperis* on appeal, a party must show not only that she lacks the financial ability to pay the required fees, but also that the appeal is taken in good faith. *United States v. Fulton*, 469 F. App'x 322, 323 (5th Cir. 2012). A good faith appeal requires the presentation of a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th

Cir. 1991). Baunchand cannot make the requisite good faith showing without identifying the issues she intends to present on appeal. Based on the present record and Baunchand's filings, this court can only certify that the appeal is not taken in good faith.

A party in a civil case permitted to appeal *in forma pauperis* may obtain transcripts at the government's expense "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Baunchand's motion to obtain transcripts at the government's expense is denied because she lacks permission to appeal *in forma pauperis*. *See Walker v. Calfee Co. of Dalton, Inc.*, No. 97-5553, 1998 WL 24633, at *1 (6th Cir. May 6, 1999) (unpublished) ("Since Walker is not proceeding in forma pauperis, he cannot receive a transcript at government expense."); *Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 600 (3d Cir. 1989) ("By its express terms, section 753(f) allows litigants to receive transcripts at public expense only if they are proceeding *in forma pauperis*, regardless of whether their case involves criminal, habeas, section 2255, or 'other' proceedings.").

SIGNED on August 15, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge